2022R00653/JHS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

FILED
OCT 0 4 2022
AT 8:30 ___ 1:35 P M
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. *Michael A. Shipp* |
| v. | : | Crim. No. 22- *673 (MAS)* |
| ANDREW SUAREZ | : | 18 U.S.C. § 1028A |
| | : | 18 U.S.C. § 1956 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(Money Laundering Conspiracy – 18 U.S.C. § 1956(h))

1. At times relevant to this Indictment:

    a. Defendant ANDREW SUAREZ was a resident of Middletown, New Jersey.

    b. Co-Conspirator-1 was a resident of New Jersey.

    c. Co-Conspirator-2 was a citizen of Nigeria and a resident of South Africa. Co-conspirator-2 was a founding member and Zonal Head of the Cape Town, South Africa Zone of the Neo Black Movement of Africa, also known as the "Black Axe." The "Black Axe," operated in various countries, including South Africa, and was organized into regional chapters known as "zones." Black Axe members, including Co-Conspirator-2, were responsible for widespread internet-based fraud schemes. Co-conspirator-2 controlled a business entity called Abravoo Trading Company.

### The Conspiracy

2.  Beginning in or around August 2017 and continuing through in or around December 2017, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

**ANDREW SUAREZ,**

did knowingly and intentionally conspire and agree with Co-Conspirator-1, Co-Conspirator-2, and others (the "Money Laundering Co-Conspirators") to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

### The Goal of the Conspiracy

3.  It was the goal of the conspiracy for the Money Laundering Co-Conspirators to send money obtained by fraud to U.S.-based bank accounts controlled by SUAREZ and others in a manner that concealed the illegal nature

2

of the proceeds, and then to have the illegally obtained proceeds transferred to bank accounts in Cape Town, South Africa controlled by the Money Laundering Co-Conspirators.

## Manner and Means

4. It was part of the conspiracy that:

a. SUAREZ opened several U.S. bank accounts through which he and the Money Laundering Co-Conspirators could launder money obtained through business email compromises and other fraudulent schemes.

b. SUAREZ provided U.S. bank account information to other Money Laundering Co-Conspirators to conceal money deposited into these bank accounts from victims.

c. SUAREZ changed the information listed on some of his illicit bank accounts so they included the name and address of Victim-1 in order to further avoid detection of the illegal nature of the scheme.

d. SUAREZ's U.S. bank accounts and bank accounts controlled by other Money Laundering Co-Conspirators received money that was the result of wire fraud, including from business email compromises.

e. SUAREZ transferred the proceeds of the fraudulent schemes from U.S. bank accounts he controlled to other U.S. bank accounts he controlled in order to further disguise and conceal the true nature and source of the proceeds.

 f. SUAREZ and the Money Laundering Co-Conspirators wired the illegally obtained proceeds to bank accounts in Cape Town, South Africa, including to at least one account held in the name of Abravoo Trading Company.

 All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWO THROUGH FOUR
(Money Laundering – 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

1. Paragraphs 1, 3, and 4 of Count One of the Indictment are re-alleged here.

2. From in or around the following dates, in the District of New Jersey and elsewhere, the defendant,

**ANDREW SUAREZ,**

did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity—that is, wire fraud, in violation of Title 18, United States Code, Section 1343—knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | APPROXIMATE DATE | TRANSACTION |
|---|---|---|
| 2 | October 11, 2017 | Causing the transfer of approximately $36,190.68 by interstate wire from an account at Bank-1 to a bank account in South Africa controlled by Co-Conspirator-2. |
| 3 | December 5, 2017 | Causing the transfer of approximately $38,065.10 by interstate wire from an account at Bank-2 to a bank account in |

| | | |
|---|---|---|
| | | South Africa controlled by a Money Laundering Co-Conspirator. |
| 4 | December 5, 2017 | Causing the transfer of approximately $33,303.71 by interstate wire from an account at Bank-2 to a bank account in South Africa controlled by a Money Laundering Co-Conspirator. |

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

6

## COUNT FIVE
(Aggravated Identity Theft – 18 U.S.C. § 1028A)

1. Paragraphs 1, 3, and 4 of Count One of this Indictment are re-alleged here.

2. From in or around August 2017 through in or around December 2017, in the District of New Jersey and elsewhere, the defendant,

**ANDREW SUAREZ,**

did knowingly and intentionally transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name and address of Victim-1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, bank fraud, contrary to Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A and Section 2.

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FOUR

1. As a result of committing the money laundering offenses charged in Counts One through Four of this Indictment, the defendant, ANDREW SUAREZ, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offenses, and all property traceable to such property.

## SUBSTITUTE ASSETS PROVISION

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of

any other property of such defendant up to the value of the forfeitable property described in Forfeiture Allegation paragraph 1.

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

9

CASE NUMBER: 22-

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

ANDREW SUAREZ

INDICTMENT FOR

18 U.S.C. § 1028A
18 U.S.C. § 1956

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

JAMIE H. SOLANO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2700